UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SHANNON WOODS AND MICHELLE
WOODS                                          CIVIL ACTION

VERSUS                                         NUMBER 10-27-JJB-SCR

BEREAN CHILDREN'S HOME, INC.


<u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the United States District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have 14 days
from the date of service of this Notice to file written objections
to the proposed findings of fact and conclusions of law set forth
in the Supplemental Magistrate Judge's Report.  The failure of a
party to file written objections to the proposed findings,
conclusions, and recommendation contained in the Supplemental
Magistrate Judge's Report and Recommendation within 10 days after
being served with a copy of the Report shall bar that party, except
upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions of
the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 19, 2010.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SHANNON WOODS AND MICHELLE
WOODS                                    CIVIL ACTION

VERSUS                                   NUMBER 10-27-JJB-SCR

BEREAN CHILDREN'S HOME, INC.


**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court are the plaintiffs' Motion to Remand and For

Expedited Consideration and their Revised Motion to Remand.  Record

document numbers 4 and 7.  The motions are opposed.[1]

Plaintiffs filed suit in state court for unpaid wages in

August 2007.[2]  A month before the scheduled trial date, the

plaintiffs inserted into the pretrial order an alternative claim

for overtime wages:

> Alternatively, petitioners are owed mandated overtime pay
> that was never paid to them for the hours in excess of
> thirty hours per week or twelve hours per day worked by
> them at the rate of one and one-half times the $7.00 per
> hour rate, together with all reasonable attorney's fees,
> costs ans statutory penalties pursuant to L.S.A.-R.S.
> 23:632 and/or 29 U.S.C. 207.[3]

The same day it received the pretrial order the defendant

removed the case alleging subject matter jurisdiction under 28

---

[1] Record document number 8.  Expedited consideration of the
original Motion to Remand was denied.  Record document number 6.

[2] Record document number 4-2.

[3] Record document number 8-1, Joint Pre-Trial Order, p. 2.

U.S.C. § 1331, and arguing that since federal law provides the only basis for the plaintiffs to recover overtime wages the case became removable when they included a claim for overtime wages in the Joint Pre-Trial Order.[4]

Plaintiffs' timely moved to remand on January 21, 2010, arguing that the removal was untimely, this court does not have subject matter jurisdiction, the case is not removable under 28 U.S.C. § 1441, and their alternative claim for overtime wages made in the Joint Pre-Trial order is not sufficient to bring a claim for overtime wages in state court.

## **Applicable Law**

The party invoking removal jurisdiction bears the burden of establishing federal jurisdiction over the state court suit. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Frank v. Bear Stearns & Company*, 128 F.3d 919, 921-22 (5th Cir. 1997). The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Frank, supra*. Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200

---

[4] According to the defendant's Notice of Removal, it "received Plaintiff's final Pretrial Order inserts and their liability and quantum memorandum on January 11, 2009." Obviously, "2009" is a typographical error and should have been 2010.

F.3d 335, 339 (5th Cir. 2000).

Absent diversity of citizenship, removal is appropriate only for those claims within the federal question jurisdiction of the district courts.   28 U.S.C. § 1331.   Under the "well pleaded complaint" rule, as discussed in *Franchise Tax Board v. Construction Laborers Vacation Trust*,[5] federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.   A case may not be removed to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law.[6]   However, a federal court may find that a plaintiff's claim arises under federal law even though the plaintiff has not characterized it as a federal claim.   *Frank*, 128 F.3d at 922; *Aquafaith Shipping Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.), *cert. denied*, 506 U.S. 955, 113 S.Ct. 413 (1992).

It is well established that the "arising under" language of § 1331 has a narrower meaning than the corresponding language in Article III of the U. S. Constitution, which defines the limits of the judicial power of the United States.   Federal question jurisdiction under § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends

---

[5] 463 U.S. 1, 103 S.Ct. 2841 (1983).

[6] *Id.*, at 10-11, 103 S.Ct. at 2846-47.

on resolution of the substantial question of federal law. *Franchise Tax Board*, 463 U.S. at 27-28, 103 S.Ct. at 2855-56; *Frank v. Bear Stearns & Company*, *supra*. A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 111, 57 S.Ct. 96, 97 (1936).

Louisiana does not have a statute which generally provides for the recovery of overtime wages absent a contract to pay overtime. The statutes which the plaintiffs cited in the pretrial order and in their motion, LSA-R.S. 23:631 and 632, clearly do not contain a provision for recovery of overtime wages absent a contractual agreement to pay the employee overtime. Absent a contract, payment of overtime wages is governed exclusively by the Fair Labor Standards Act, 28 U.S.C. § 207. *See, e.g. Odom v. Respiratory Care, Inc.*, 1998-0263 (La.App. 1 Cir. 2/19/99), 754 So.2d 252 (payment of overtime wages governed by Fair Labor Standards Act).

## Analysis

From a review of the state court pleadings, there is no doubt that the plaintiffs added a claim for recovery of overtime wages in the pretrial order. No such claim was ever made before then. Regardless of whatever facts the evidence may eventually establish, it is clear that the plaintiffs did not actually make a claim for overtime wages until they filed the pretrial order. Their previous

4

pleadings cannot reasonably be read to include an overtime wages claim.   As explained in the pretrial order, the plaintiffs make essentially two claims: unpaid wages and overtime wages.[7]   Their labeling of the claim for overtime wages as an alternative claim does not make it any less of a claim.   Since the plaintiffs contended in the pretrial order that they were underpaid for 30 months, their overtime wages claim is substantial.

Plaintiffs have not cited any Louisiana state law or court decision which provides a basis for them to recover overtime wages in the circumstances of this case.   Plaintiffs do not argue that they have alleged or actually have a contractual basis for recovery of overtime wages.   Therefore, the plaintiff's claim for overtime wages necessarily must be based on the Fair Labor Standards Act, which they specifically relied on in the pretrial order.

Plaintiffs argued in their Revised Motion to Remand that asserting a claim for overtime wages in the pretrial order is not sufficient to bring the claim before the state court and that evidence to support such a clams would be inadmissible.[8]

---

[7] Plaintiffs also seek recovery of applicable penalties and attorney's fees.

[8] Record document number 7-1, p. 7-8.   There is no dispute that the state court is competent to hear and decide an overtime wages claim brought under § 207 or that an FLSA overtime wages claim is removable.   *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694-95, 123 S.Ct. 1882, 1884 (2003)(that FLSA claim may be brought and "maintained ... in any ... State court of competent jurisdiction" does not bar removal to federal court).

Plaintiffs acknowledged that the same evidence used to support their unpaid wages claim would support their overtime wages claim, but then argued that this gives the defendant no basis to allege federal question jurisdiction.  This argument is confusing and ultimately unconvincing.  As the defendant explained, while it can object to the introduction of evidence, the evidence of the hours worked by the plaintiffs is clearly admissible to support their unpaid wages claim.  Louisiana procedural law would allow the trial court to admit the evidence and then allow the new overtime wages claim to proceed based on the same evidence.  La. C.Civ.P. art. 1154.  Plaintiffs have not shown that their belated overtime wages claim is procedurally barred by state law.

Plaintiffs' other arguments do not warrant an extended discussion.  As explained by the defendant, the pretrial order is an "other paper" sufficient to trigger the right to, and time for removal under § 1446.[9]

Plaintiffs argued that "the timeliness of the motion to remove under the time limits of 28 U.S.C. 1446 is called into serious doubt" because "the underlying facts of the rate of pay actually paid by the defendant ....and the number of hours she worked each day for the defendant have never been disputed and were obtained by the plaintiff from the defendant ... on or about September 30,

---

[9] Record document number 8, pp. 10-11.

6

2008."[10]   This argument is unpersuasive.  It is well settled that the basis for removal under the first paragraph of § 1446(b) is not what the defendant may have subjectively believed.  Rather, removal is based on the actual claim made by the plaintiff.  A defendant has no duty to scour its records for possible claims the plaintiff could have alleged.[11]  In this case, the defendant's receipt of the pretrial order, an "other paper," is the event which triggered removal under the second paragraph of § 1446(b).

Finally, the plaintiffs argued that the case should be remanded on equitable grounds, specifically that the case was removed less than 30 days before the scheduled trial date.  This argument is also unpersuasive.  Defendant had no basis to remove the case before receiving the pretrial order.  Had the plaintiffs not inserted a claims for overtime wages into the pretrial order, there is no reason to doubt that the case would have proceeded to trial as scheduled.  The situation in which the plaintiffs now find themselves is a consequence of their decision to add a claim for

---

[10] *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)(removal clock began to run only when defendants received pleading that revealed on its face plaintiff was asserting cause of action based on federal law), citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), *cert. denied*, 507 U.S. 967, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993)(for purposes of first paragraph of § 1446(b), 30 day time period in which defendant must remove case starts to run from defendant's receipt of initial pleading only when that pleading affirmatively reveals on its face that plaintiff is seeking damages in excess of the minimum jurisdictional amount of federal court).

[11] *Id.* pp. 11-12.

overtime wages a month before the trial date.  Equity does not demand that they be relieved of the consequences of that choice.

There is no doubt that the plaintiffs' overtime wages claim arises solely under federal law, and in the circumstance of this case it is a substantial claim.  The basis for removal did not arise until the plaintiffs filed the pretrial order and included in it for the first time their claim for overtime wages.  The right to remove the case did not arise at some earlier time just because the defendant possessed records of the hours worked and wages paid to the plaintiffs.

## Recommendation

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand and For Expedited Consideration and their Revised Motion to Remand be denied.[12]

Baton Rouge, Louisiana, February 19, 2010.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[12] This report does not address the defendant's request for an award of costs under 28 U.S.C. § 1927.  Until the district judge rules on the motions to remand the defendant's request is premature.  After the district judge issues his ruling, the defendant may file a motion seeking an award of cost under § 1927 if it would be appropriate to do so and the defendant still wants to pursue the issue.

8