UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANNON WOODS, ET AL

VERSUS

BEREAN CHILDREN'S HOSPITAL, INC.

CIVIL ACTION

NUMBER 10-27-SCR

**RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the court is the Defendant's Motion for Partial Summary Judgment. Record document number 22. The motion is opposed.[1]

Plaintiffs Shannon and Michele Woods filed this action seeking unpaid wages from their employment at Berean Children's Home, Inc. (Berean facility). Plaintiffs alleged that they were hired to be house parents at the Berean facility in April 2003. Plaintiffs alleged that they moved into the Berean facility and began performing house parent services which included supervision of adolescents staying at the home Monday through Friday of each week. Plaintiffs alleged house parents were to be paid $1,140.00 per month, in addition to being given housing at the Berean facility, with paid utilities.

Plaintiffs claimed that beginning in October 2003 Michele Woods was paid $7.00 per hour for approximately 30 hours work per week for her work as a direct care worker. Plaintiffs alleged that they also continued their employment as house parents until

---

[1] Record document number 25. Defendant filed a reply memorandum. Record document number 29.

September 2006 but never received the $1,140.00 monthly salary.  In their petition, the plaintiffs sought unpaid wages, penalties, and attorney's fees incurred pursuant to LSA-R.S. 23:631-632.  Plaintiffs asserted an alternative claim for overtime wages under the Fair Labor Standards Act, 28 U.S.C. § 207.[2]

Defendant moved for a partial summary judgment seeking dismissal of the plaintiffs' unpaid wages and penalty claims under LSA-R.S. 23:631-632.  Defendant argued that Shannon Woods does not have an unpaid wages claim because he was never employed in any capacity by the defendant.  Defendant argued that Michele Woods cannot establish that she is owed any additional wages because she was only hired as a direct care worker, not as a house parent.

## **Applicable Law**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor.  *Anderson*, 477 U.S. at

---

[2] Record document number 8-1, Joint Pre-Trial Order, p. 2.

252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000). On summary judgment, evidence may only be considered to the extent not based on hearsay or other information excludable at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). In this case the court must apply the law applicable to claims under LSA-R.S. 23:631, which requires, upon resignation of an employee, the employer to pay the amount then due under the terms of employment on or before the next regular payday

for the pay cycle during which the employee was working at the time of separation or no later than 15 days following the date of resignation, whichever occurs first.

LSA-R.S. 23:632 imposes certain penalties on an employer who fails or refuses to comply with the provisions of LSA-R.S. 23:631. These penalties include reasonable attorney fees and either (1) 90 days of wages at the employee's daily rate of pay or (2) full wages from the time the employee's demand for payment is made until the employer pays or tenders the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.

## Analysis

**Shannon Woods' claim under LSA-R.S. 23:631-632.**

Defendant argued that Shannon Woods was never hired as an employee and thus does not have an unpaid wages claim under LSA-R.S. 23:631-632. Defendant noted that during the plaintiffs' residency at the Berean facility, Shannon Woods had other employment and was often out of town.[3] Shannon Woods stated in his affidavit that he provided supervision and oversight to the minor children residing at the facility in the evening from the time he got home from his regular job.[4]

Shannon Woods' alleged assistance at the facility does not

---

[3] Record document number 22, defendant's exhibit 4, Deposition of Michele Woods, pp. 26-27.

[4] Record document number 25, Affidavit of Shannon Woods, p. 2.

4

establish that he was hired as an employee. He never testified that he was formally hired by the defendant in any capacity. Plaintiffs did not provide any documentary evidence, such as paychecks, W-2 forms, tax returns, etc., which could establish Shannon Woods was actually employed by the defendant. Shannon Woods' affidavit only demonstrates that Michele Woods was hired by the defendant. Shannon Woods stated that his wife performed the duties of both a house parent and a direct care worker and that she was owed 30 months of salary at the rate of $1,140.00 per month.[5] Because Shannon Woods failed to establish that there is a genuine dispute as to his status as an employee as defined under LSA-R.S. 23:631, summary judgment is appropriate as to his state law claim for unpaid wages and penalties.

**Michele Woods' claims under LSA-R.S. 23:631, et seq.**

A review of the summary judgment evidence in the light most favorable to the plaintiffs shows that genuine issues of material fact exist as to Michele Woods' terms of employment, specifically her salary, job title and duties.[6]

Defendant argued that Michele Woods was hired in October of 2003 as a direct care worker and was never hired as a house parent. Defendant asserted that Michele Woods did not perform certain house

---

[5] *Id.*

[6] It is undisputed that Michele Woods was an employee at the Berean facility.

5

parent duties, including preparing medications for the children and transporting children to church.

Plaintiffs argued that Michele Woods worked as both a house parent and a direct care worker during her time at the Berean facility. She testified that she was on duty as a house parent during the overnight hours after her direct care worker shift ended.[7] Michele Woods also provided examples of how she monitored the children as a house parent.[8]

Defendant also argued that Michele Woods was told that a new house parent could not be hired until the Board of Directors of the Berean facility approved the retirement of another house parent, Wayne Wallace. Defendant claimed that Michele Woods was informed that Wallace's retirement was not approved and she was given the option to stay on as a direct care worker, which she accepted.

In response, the plaintiffs asserted that Michele Woods was told she would inevitably be paid the house parent salary. Michele Woods testified that she was told Wallace was to receive the house parent salary for approximately a year after she was employed, and she would thereafter receive the house parent salary.[9]

The determination of Michele Woods terms of employment is depends on the resolution of conflicting testimony. The court

---

[7] Deposition of Michele Woods, pp. 49-50.

[8] *Id.*

[9] *Id.* at 16, 77-78.

cannot make necessary credibility choices when ruling on a motion for summary judgment. Accepting Michele Woods' testimony for the purpose of ruling on this motion, summary judgment on her unpaid wages and penalty claims under LSA-R.S. 23:631-632 is not appropriate.

### Conclusion

Accordingly, the Defendant's Motion for Partial Summary Judgment is granted in part and denied in part. The motion is granted as to plaintiff Shannon Woods' claims under LSA-R.S. 23:631-632, and those claims will be dismissed. The motion is denied as to plaintiff Michele Woods' claims under LSA-R.S. 23:631-632.

Baton Rouge, Louisiana, September 20, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE